UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WALI SALEEM,

     Plaintiff,

vs.                          CASE NO.: 3:18-cv-01380-HES-PDB

CENTURION OF FLORIDA, LLC, et
al.,

     Defendants.

_____/

### CENTURION'S *UNOPPOSED* MOTION TO STRIKE OR, ALTERNATIVELY, TO ENFORCE SETTLEMENT AGREEMENT AND INCORPORATED MEMORANDUM OF LAW

Pursuant to the Court's inherent authority and Local Rule 3.01, Defendant Centurion of Florida, LLC ("Centurion") hereby moves to strike Plaintiff Wali Saleem's Motion (ECF No. 114) from the docket or, alternatively, to enforce the Parties' Settlement Agreement, and states as follows:

1.     On May 5, 2021, Plaintiff filed a Motion to Vacate and Void Settlement Agreement (ECF No. 114), related to a Settlement Agreement Plaintiff entered into with Centurion. ECF No. 109.

2.     Plaintiff's reason for setting aside the settlement agreement has nothing to do with a dispute with Centurion; instead, Plaintiff's dispute is with his counsel. *Id.* According to discussions with Plaintiff's counsel, that dispute has resolved.

1

3.      By filing his Motion, Plaintiff violated the confidentiality provision of his Settlement Agreement with Centurion. Specifically, the Settlement Agreement[1] contains the following provision:

IX.    <u>CONFIDENTIALITY</u>: Releasor will not discuss, publish, or disclose the fact of this Agreement, the details hereof, or ███████████ , except as necessary in order to consult with attorneys or tax advisors, or to comply with legal process. RELEASOR acknowledges that confidentiality is a material condition of this Agreement and that RELEASEE would not have ███████████████████ entered this Agreement without Releasor's promise of confidentiality.

4.      Centurion requests the Court order the Clerk of Court to remove Plaintiff's Motion (ECF No. 114) from the docket to preserve the confidentiality of the terms of the Settlement Agreement. Although Centurion recognizes courts generally lack jurisdiction to enforce a settlement agreement unless they retained jurisdiction to do so, *Affiliati Network, Inc. v. Wanamaker*, 791 F. App'x 82, 85 (11th Cir. 2019), Centurion cannot seek relief in any other Court because the breach of the Settlement Agreement occurred via a docket filing in this action. And this Court can grant Centurion the relief it seeks pursuant to the Court's "inherent power to manage its docket to strike [a] motion." *Fisher v. Whitlock*, 784 F. App'x 711, 714 (11th Cir. 2019).

---

[1] Because the Settlement Agreement is confidential, Centurion cannot file it. But Centurion will provide a copy to the Court for *in camera* review if the Court would like.

4819-4103-2937.1

WHEREFORE Centurion requests the Court (1) grant this Motion and (2) Order the Clerk of Court to Strike Plaintiff's Motion (ECF No. 114) from the docket.

Respectfully Submitted,

*/s/ Jacob Hanson*
Brian A. Wahl (FBN 95777)
Bradley Arant Boult Cummings LLP
1819 5th Avenue North
Birmingham, AL 35203
Tel: (205) 521-8800
bwahl@bradley.com

Jacob Hanson (FBN 91453)
Bradley Arant Boult Cummings LLP
100 North Tampa Street, Suite 2200
Tampa, Florida 33602
Tel: (813) 559-5500
jhanson@bradley.com
**Counsel for Defendant Centurion of Florida, LLC**

## LOCAL RULE 3.01(g) CERTIFICATION

Undersigned counsel certifies that he conferred with counsel for Plaintiff regarding the motion and is authorized to state the following on their behalf:

Plaintiff's counsel does not object to the relief requested solely to protect the Plaintiff's settlement from allegations that Plaintiff breached the settlement agreement's confidentiality by filing the settlement agreement and open the Plaintiff to a claim wherein Centurion could argue that the Plaintiff's recovery must be returned to Centurion for violation of the settlement agreement he signed with Centurion. To the extent the Court wishes to hold an in camera hearing to address the Plaintiff's other concerns, if any, Plaintiff's counsel is more than willing to provide documents, transcripts and other testimony to demonstrate that the matters raised in the Plaintiff's Motion are patently false and lack any basis in fact.

4819-4103-2937.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 12, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will provide electronic notification to all counsel of record.

<u>/s/ *Jacob Hanson*</u>
***Counsel for Defendant Centurion of Florida, LLC***

4